UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| EDGAR SANCHEZ, | : | |
| | : | |
| *Movant*, | : | 01 Cr. 74–2  (PAC) |
| | : | 18 Civ. 206  (PAC) |
| | : | |
| - against - | : | **ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| *Respondent*. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*Pro se* movant Edgar Sanchez moves under Federal Rule of Criminal Procedure 36 ("Rule 36") to correct an alleged "clerical error in a pretrial court order, the judgment, and other parts of the record . . . ." Mot. Misc. Relief 1, ECF No. 435 (the "Rule 36 Motion").[1] Sanchez also moves to "supplement the record for possible resentencing." Mot. Misc. Relief 1, ECF No. 436 (the "Supplement Motion"; together with the Rule 36 Motion, the "Motions"). This order disposes of both Motions.

The Government opposes the Motions on the grounds that (1) a Rule 36 motion cannot be used to collaterally attack a sentence; (2) the record contains no clerical error for the Court to correct; and (3) the Supplement Motion is unripe, because Sanchez has not identified any valid basis for resentencing and no resentencing is otherwise pending. Gov't Letter 3. The Government is correct. Accordingly, Sanchez's Motions are DENIED.

## BACKGROUND

The Court previously detailed the procedural history of Sanchez's case in its May 5, 2020 order denying Sanchez's motion for reconsideration under Federal Rule of Civil

---

[1] Cited docket entries correspond to the criminal docket in *United States v. Delvi*, No. 01 Cr. 74 (PAC).

Procedure 60(b) ("Rule 60(b)").  *See* Order on Mot. Misc. Relief 2–3, ECF No. 437 ("Rule 60(b) Order").  Accordingly, the Court need not provide more than a brief summary here.

On July 7, 2003, a jury convicted Sanchez, in relevant part,[2] of three counts: participating in a narcotics conspiracy in violation of 21 U.S.C. § 846 (Count One); murder while engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A) (Count Two), and the use of a firearm in connection with a narcotics trafficking conspiracy resulting in the death of a person in violation of 18 U.S.C. § 924(c) and (j) (Count Eighteen).  Rule 60(b) Order 2.

"On June 15, 2004, Judge Scheindlin sentenced Sanchez to 360 months of imprisonment to be followed by a mandatory consecutive ten-year term of imprisonment."  *Id.*  "The Second Circuit affirmed Sanchez's conviction."  *Id.* (citing *United States v. Martinez*, 311 F. App'x 378 (2d Cir. 2008) (summary order)).  Sanchez did not petition the Supreme Court for a writ of certiorari.  *Id.*

From 2015 to the present, Sanchez filed a series of unsuccessful collateral challenges in this Court and in the Eastern District of California.  *Id.* at 2–3.  The Second and Ninth Circuits, respectively, either affirmed the district courts' orders or dismissed Sanchez's appeals each time, most recently on December 14, 2020.  *Id.*; USCA Mandate—Final J. Appeal, ECF No. 442.

Sanchez filed the Rule 36 Motion on January 3, 2020, and the Supplement Motion on January 23, 2020.  ECF Nos. 435, 436.  The Government responded to both Motions in a single document on December 11, 2020.  Gov't Letter, ECF No. 441.

---

[2] The Government subsequently moved to dismiss the other § 924(c) count the jury convicted Sanchez of, Rule 60(b) Order 2 n.2, so he was not sentenced on that count.  *See* Judgment 1, ECF No. 226.

## DISCUSSION

**I.     Legal Standards**

A court must construe a pro se litigant's submissions liberally and interpret them to raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Rule 36 provides, in pertinent part, that a "court may at any time correct a clerical error in a judgment, order, or other part of the record . . . ." Fed. R. Crim. P. 36. A clerical error is "a failure to accurately record a statement or action by the court or one of the parties." *United States v. Tapia-Ortiz*, No. 91-CR-1014 (JS), 2012 WL 12855568, at *2 (E.D.N.Y. Nov. 28, 2012) (citation omitted). "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (quoting *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987)). Thus, Rule 36 "provides no jurisdiction to correct an alleged error committed by the judge at sentencing . . . ." *Id.* at 349.

Rule 36 does not allow a court to substantively modify a sentence, even if the sentence results from an incorrect application of the sentencing guidelines. *Tapia-Ortiz*, 2012 WL 12855568, at *2. Instead, it "covers only minor, uncontroversial errors . . . ." *Werber*, 51 F.3d at 347. A motion to amend an error in the imposition of a sentence, then, is properly brought not under Rule 36, but as a habeas petition under 28 U.S.C. § 2255. *United States v. Hotton*, No. 12 Cr. 825 (JGK), 2017 WL 6414055, at *1 (Dec. 5, 2017). A court may treat such a Rule 36 motion as a § 2255 petition. *See United States v. DeMartino*, 112 F.3d 75, 81 (2d Cir. 1997).

When a court faces a Rule 36 motion that seeks to amend an error in the imposition of a sentence, and the court previously dismissed the movant's § 2255 petition on the merits, the court has two options: it can either (1) treat the Rule 36 motion as a successive § 2255 petition[3] and refer it to the court of appeals for certification;[4] or (2) dismiss the motion for lack of jurisdiction if a remedy under § 2255 is plainly unavailable. *See* 469 Gordon Mehler et al., *Federal Criminal Practice: A Second Circuit Handbook* § 22–12 (20th ed. 2020) (citing *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004)).

## II.   Application

Sanchez argues that his former lawyer committed a clerical error in his 2003 presentence motion for acquittal by stating that the jury convicted Sanchez of "at least five grams, but 'NOT' less than 50 grams of crack cocaine." Rule 36 Motion at 2. In fact, the jury found Sanchez guilty of "[a]t least five grams but less than 50 grams." Rule 36 Motion Ex. A. The error is counsel's insertion of the word "not." Judge Scheindlin quoted counsel's error in her order denying Sanchez's motion for acquittal. Rule 36 Motion Ex. B at 2 ("Acquittal Denial"). Possession with intent to distribute at least five but less than 50 grams of crack cocaine corresponds to 21 U.S.C. § 841(b)(1)(B), while 50 grams or more corresponds to 21 U.S.C. § 841(b)(1)(A), and stiffer penalties. Thus, "not less than 50" means 50 or more, and corresponds to § 841(b)(1)(A). Sanchez argues that the insertion of the word "not" "changed the

---

[3] A § 2255 petition is a successive petition if "a prior § 2255 petition was adjudicated *on the merits*," *United States v. Villanueva*, 346 F.3d 55, 60 (2d Cir. 2003), and the subsequent § 2255 petition "raises a claim that was, or could have been, raised in an earlier petition." *Id.* at 61 (citation omitted). If a court dismisses a §2255 petition as time-barred, it has adjudicated the petition on the merits. *Id.*

[4] The appropriate court of appeals must grant certification of a successive § 2255 petition before a district court may consider it. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

outcome and nature of the entire proceedings as a whole," making "the judgment reflect[ ] a conviction for § 841(b)(1)(A)," while in fact "Sanchez was convicted for § 841(b)(1)(B)." Rule 36 Motion at 2. Accordingly, Sanchez requests that the Court strike the word "not" from the record and "amend[ ] and alter[ ] [the judgment] to reflect a conviction for § 841(b)(1)(B), and not § 841(b)(1)(A)." *Id.* at 3. But Rule 36 does not authorize the Court to provide that relief.[5]

First, the judgment does not "reflect" a conviction for § 841(b)(1)(A) in the sense of mentioning that statute. The judgment recites Sanchez's conviction of Counts One, Two, and Eighteen, along with their corresponding statutes. Judgment 1, ECF No. 226. The judgment makes no mention of § 841 at all, nor did Judge Scheindlin mention § 841 at sentencing. *See* Judgment; Sent'g Tr. That is because Sanchez was convicted of (and sentenced for) conspiracy to distribute narcotics under 21 U.S.C. § 846, not the substantive offense of possession with intent to distribute under § 841. The judgment and the sentencing transcript are consistent: they both impose the same term of imprisonment for the same crimes of which the jury convicted Sanchez. Consequently, there is no clerical error for the Court to correct in the judgment, and no basis for amending or altering it to "reflect" a conviction under § 841(b)(1)(B).

Second, to the extent that Sanchez argues the judgment "reflects" a greater sentence than was warranted because Judge Scheindlin mistakenly believed he was convicted under § 841(b)(1)(A) rather than § 841(b)(1)(B), Sanchez is challenging an alleged error Judge Scheindlin made in the imposition of his sentence rather than a simple clerical error. He cannot bring that challenge under Rule 36; instead, the proper vehicle is a § 2255 petition.

---

[5] To be sure, the Court can strike "not" from counsel's acquittal motion and the Acquittal Denial, but there is no reason to do so. As explained below, the clerical error of inserting the word "not" is not repeated in the judgment or the oral imposition of the sentence. The Court sees no reason to correct a harmless error in a 17-year-old order, especially because the apparent reason behind Sanchez's Rule 36 Motion is to collaterally attack his sentence—something Rule 36 does not permit.

Construing Sanchez's Rule 36 Motion liberally, the Court could treat it as a § 2255 petition, in accordance with *DeMartino*, 112 F.3d at 81. But the Court already denied Sanchez's initial § 2255 petition (Mem. & Op., ECF No. 424) and his motion for reconsideration. Because the Court held that Sanchez's § 2255 petition was time-barred, Mem. & Op. 6, 11 & n.6, that denial was on the merits. Further, Sanchez could have raised his error claim in that petition. Accordingly, if the Court were to treat Sanchez's Rule 36 Motion as a § 2255 petition, it would be a successive § 2255 petition. But because a successive § 2255 petition would also be time-barred, a § 2255 remedy is plainly unavailable. The appropriate course of action, then, is to dismiss Sanchez's Rule 36 Motion.

Finally, Sanchez's Supplement Motion is unripe. Sanchez filed that motion before the Court issued its Rule 60(b) Order denying his motion for reconsideration, evidently hoping that an adjudication in his favor would lead to the vacation of Count Two and resentencing on Counts One and Eighteen. But the Court denied his Rule 60(b) motion and has no legal basis upon which to resentence Sanchez or credit him for the time he spent in state jail more than 20 years ago, as he asks. Thus, as far as the Supplement Motion seeks to introduce new information to the record, it is unripe; as far as it seeks changes to Sanchez's sentence, it is unfounded.

## CONCLUSION

For the reasons stated, Sanchez's Motions are DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 435 and 436.

Dated: New York, New York  
       January 13, 2021

SO ORDERED

_Paul A. Crotty_  
THE HONORABLE PAUL A. CROTTY  
United States District Judge