UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                              :

UNITED STATES,                     :

                              :

   -*against*-                :

EDGAR MARINO SANCHEZ,    :         01 Cr. 74-2 (PAC)

           *Defendant.*      :

                              :        **OPINION & ORDER**

                              :

                              :
---------------------------------------------------------------X

      Edgar Sanchez, Defendant, moves *pro se* for reconsideration of the Court's denial of his motion for compassionate release pursuant to the First Step Act, 18 U.S.C § 3582(c)(1)(A)(i). Sanchez alleges extraordinary and compelling circumstances warranting a sentence reduction including (1) his age at the time of the offense; (2) his inability to challenge legal issues related to his conviction and sentencing; (3) evidence of his rehabilitation; and (4) the need to care for his parents. The Court finds that Sanchez has not met his burden of demonstrating extraordinary and compelling circumstances and finds that the sentencing factors under 18 U.S.C. § 3553(a) continue to weigh against his release. Sanchez's motion is therefore **DENIED** without prejudice.

## BACKGROUND

      The Court assumes familiarity with the facts, which are set forth in its previous orders. *See Sanchez v. United States* ("*Sanchez IV*"), No. 01 Cr. 74-2 (PAC), 2021 WL 5234978 at *1 (S.D.N.Y Nov. 10. 2021) (collecting opinions). The Court thus provides only a brief summary of the legal, factual, and procedural history of the case.

On July 7, 2003, Sanchez was convicted at trial of three offenses: conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; intentional murder while engaged in a major narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A); and murder in the course of using and carrying a firearm in violation of 18 U.S.C. § 924(c) and (j). *See* Judgment, ECF No. 226; *Sanchez IV*, 2021 WL 5234978 at *1. The convictions stem from Sanchez's "participat[ion] in the violent and wide-ranging drug dealing gang known as the Hughes Boys" where he "committed one murder as well as distribut[ed] heroin, cocaine and crack." Sent'g Tr. at 15:14-17, ECF No. 465-5. In particular, Sanchez attended a Hughes Boys meeting on December 15, 2000, during which Sanchez and his cohorts were offered $5,000 to kill a rival gang member. *See United States v. Sanchez* ("*Sanchez V*"), 01 Cr. 74-2 (PAC), 2022 WL 4298694, at *1 (S.D.N.Y. Sept. 19, 2022). Sanchez accepted this offer and on December 19, 2000, he murdered Earl Edwardson, an eighteen-year-old rival gang member. *Id.* Sanchez was 26 years old at the time. *See* Pre-Sentence Report ("PSR") ¶¶ 2–3. A jury convicted Sanchez of all three counts following an eight-week trial.

On June 15, 2004, Judge Scheindlin sentenced Sanchez to 360 months' imprisonment on Counts 1 and 2 followed by a mandatory consecutive ten-year term of imprisonment on Count 17. Sent'g Tr. at 17:5–12.[1] On April 15, 2008, the Second Circuit affirmed the conviction. *United States v. Martinez*, 311 Fed. App'x 378, 382 (2d Cir. 2008).

Sanchez is currently incarcerated at FCI Fairton and is expected to be released on June 23, 2035. *See* Inmate Locator Service, BOP Registration No. 11708-265, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/. Since his incarceration, Sanchez has pursued a series of collateral challenges, all of which have been denied. *See Sanchez IV*, 2021 WL 5234978, at *1 (describing Sanchez's history of collateral review, including § 2255 motions and Rule 36 motions).

---

[1] Upon Judge Scheindlin's retirement in 2016, the case was reassigned to this Court.

On January 27, 2022, Sanchez filed an initial *pro se* motion for compassionate release, supplemented by his counsel's memorandum in support of the initial motion on February 22, 2022. *See* ECF Nos. 456, 463. Sanchez's initial motion was denied by this Court on September 19, 2022. *See Sanchez V*, 2022 WL 4298694. Sanchez now again moves *pro se* seeking reconsideration of the Court's denial. *See* Def.'s Mot., ECF No. 474.

## DISCUSSION

### I.     Motion for Reconsideration

Because Sanchez is proceeding *pro se* in this matter, his motions and supporting documents must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). *Pro se* litigants' pleadings should thus be read "to raise the strongest arguments they suggest." *Green v. United. States*, 260 F.3d 78, 83 (2d. Cir. 2001).

While there is no Federal Rule of Criminal Procedure that specifically recognizes motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, No. 07 Cr. 304, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013). Courts typically apply the standard outlined under Local Rule 6.3 in deciding reconsideration motions. *Yannotti*, 457 F. Supp. 2d at 389. This Court will therefore apply the Local Rule 6.3 standard in the instant motion.

Local Rule 6.3 requires a moving party to indicate controlling decisions or data that the deciding court overlooked, such as "matters that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The movant bears the burden of demonstrating "an intervening change of controlling law,

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations omitted). A motion for reconsideration may not be used by a party to advance new arguments not previously presented to the court, nor may it be used to present arguments that were previously litigated and decided upon by the court. *See CSX Transportation. Inc.*, 70 F.3d at 257. Reconsideration may be granted only where the court has made such errors as overlooking matters or controlling decisions "which might have materially influenced the earlier decision." *Morales v. Quintiles Transnational Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (citations omitted).

Sanchez has put forward no new evidence, clear error of law, or manifest injustice that might reasonably be expected to alter the conclusion reached by the Court. He instead introduces new arguments that were not raised in his prior motion and couples them with the renewal of two prior arguments: the need to care for his ailing parents and evidence of his service and rehabilitation while incarcerated. But "[a] motion for reconsideration should not relitigate issues already resolved by the court and should not be used to put forward additional arguments which the movant could have made, but neglected to make before judgment." *Goldstein v. State of New York*, No. 00 CIV. 7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001), *aff'd*, 34 F. App'x 17 (2d Cir. 2002) (quotation marks omitted). Thus, Sanchez fails to articulate grounds for reconsideration, and his motion is **DENIED**.

## II.   Renewed Motion for Compassionate Release

Despite failing to raise adequate grounds to support a motion for reconsideration, the Court alternatively construes Sanchez's motion as a renewed motion for compassionate release. Even so, Sanchez's motion fails because he does not establish extraordinary and compelling circumstances warranting a sentence reduction.

A court may not modify a term of imprisonment once imposed except for where a statutory exception applies.  18 U.S.C. § 3582(c)(1)(A); *Musa v. United States*, 502 F. Supp. 3d 803, 809 (S.D.N.Y. 2020).  One such exception, often referred to as "compassionate release," permits a defendant to petition the district court for a sentence reduction or to end that defendant's term of imprisonment.  Under section 3582(c)(1)(A), a district court may reduce or end a defendant's term of imprisonment and impose a term of supervised release that does not exceed the unserved portion of the defendant's original sentence.  18 U.S.C. § 3582(c)(1)(A).

A defendant may bring a motion for compassionate release on his own behalf after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Upon exhaustion of administrative remedies, a district court may reduce a defendant's sentence if the defendant establishes that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) a sentence reduction would be consistent with the "factors set forth in § 3553(a) to the extent they are applicable" and "with applicable policy statements issued by the Sentencing Commission."  *Id.* A district court has broad discretion to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  However, the Court may not consider rehabilitation alone as an extraordinary and compelling reason.  *Id.* at 237–38.

A.   Exhaustion

The Government does not dispute that Sanchez previously exhausted his administrative remedies.  *See Sanchez V*, 2022 WL 4298694, at 2 n.4; Def.'s Mot., Ex. O, ECF No. 474. Sanchez's initial request for compassionate release was denied by the Bureau of Prisons ("BOP")

on July 22, 2021. Sanchez appears to have renewed his request on September 29, 2022. Over 30

days have passed since this request was filed.

The Government contends, however, that Sanchez has failed to exhaust his administrative

remedies because he did not specifically petition the BOP for release based on his age at the time

of the offense, despite raising it as grounds for relief in the instant motion. The Court disagrees.

There is a "split among courts in this district as to whether section 3582(c)(1)(A) requires a

defendant to exhaust administrative remedies with respect to each issue raised in a motion for

compassionate release." *United States v. Gunn*, No. 06 Cr. 911, 2022 WL 2077971, at *3

(S.D.N.Y. June 9, 2022). However, many courts (including this Court) have relied on the

Honorable Sidney H. Stein's well-reasoned analysis in *United States v. Torres*, 464 F. Supp. 3d

651, 655–56 (S.D.N.Y. 2020), which counsels against issue exhaustion as a prerequisite for a

motion for compassionate release. *See United States v. Herrera*, 17 Cr. 415, 2023 WL 3614343,

at *4 (S.D.N.Y. May 24, 2023) (Crotty, J.) (collecting cases). As it has previously done, "[t]he

Court adopts Judge Stein's analysis and concludes that § 3582(c)(1)(A) does not demand issue

exhaustion." *Id.* Sanchez thus was not required to petition the BOP for a sentence reduction on

the basis of his age in order to bring the instant motion with the district court.

Sanchez has therefore satisfied the exhaustion requirement of a by filing his petition with

the BOP. On these grounds, the Court may consider his motion.

B.    Extraordinary and Compelling Circumstances

Sanchez again argues that extraordinary and compelling circumstances entitle him to a

sentence reduction. He raises the following circumstances: (1) his age prior to and at the time of

the offense; (2) his difficult upbringing; (3) two legal issues relating to his conviction and the

imposition of his sentence; (4) his obligation to his ailing parents; and (5) evidence of rehabilitation

and community service.  These grounds are insufficient to constitute extraordinary and compelling circumstances warranting a sentence reduction for the following reasons.

       *1.*    *Age at the Time of the Offense*

      Sanchez first argues that his youth at the time the offense warrants a sentence reduction. Sanchez highlights that he was only 20 years old when the "Hughes Boys" conspiracy began.  The Court finds that this is not an extraordinary and compelling circumstance warranting reduction.

      Courts in this district have recognized that a defendant's youth at the time of an offense may be relevant when considering compassionate release.  *See United States v. Ramsay*, 538 F. Supp. 3d 407, 410 (S.D.N.Y. 2021).  "District courts should . . . consider a motion for sentence modification through the lens of the distinctive attributes of youth, which 'can be usefully grouped into four traits: youthful offenders' immaturity, susceptibility, salvageability, and dependence.'" *United States v. Rengifo*, 569 F. Supp. 3d 180, 194 (S.D.N.Y. 2021) (quoting *United States v. Portillo*, 981 F.3d 181, 187 (2d Cir. 2020)).

      Sanchez's case does not warrant consideration of these attributes.  Sanchez's own involvement in the conspiracy—namely, the murder of Earl Edwards—occurred when he was 26 years old, not 20.  This six-year difference is significant.  It places him in a different age bracket than defendants whose youth has constituted an extraordinary and compelling circumstance.  *See United States v Brown*, 05 Cr. 538, 2022 WL 3369709, at *3 (S.D.N.Y. Aug. 15, 2022) ("Common sense and the science of juvenile brain development both indicate that there are generally significant differences in maturity between a 25-year-old and someone in their teens or early 20s.").  Indeed, the Court is not aware of any case where a defendant above the age of 25 has successfully established youth as an extraordinary and compelling circumstance.

      Further, courts considering youth as an extraordinary and compelling circumstance often focus on crimes that "were 'split-second' and 'hot-headed,'" because, "the brain is not fully

developed and terrible decisions can result." *United States v. Nunez*, No. 10 Cr. 392-7, 2023 WL 1470502, at *1 (S.D.N.Y. Feb. 2, 2023) (quoting *United States v. Ramirez*, 571 F. Supp. 3d 40, 48-49 (S.D.N.Y. 2021)). Here, Sanchez did not make a split-second decision to kill Edwards, but volunteered to do so and carried out the plot over several days. *See Nunez*, 2023 WL 1470502, at *1 (denying release based on age where the crime involved "shootings arranged in advance"); *Ramsay*, 538 F. Supp. 3d at 424 (differentiating between the "cooler-headed" decision to murder a rival gang member pursuant to a leader's order and the impulsive decision to fire into a crowd and kill multiple innocent bystanders). Sanchez has thus failed to establish extraordinary and compelling reasons for release based on his age.

### 2. Upbringing

Sanchez also claims that his impoverished and violent upbringing justify compassionate release. *See* Def.'s Mot., Ex. C. While the circumstances of Sanchez's childhood were difficult, they cannot minimize the seriousness of his crime. Ultimately, "the circumstances of [Sanchez's] youth and upbringing are, sadly, not so unusual as to amount (alone or in combination with other factors) to extraordinary and compelling reasons." *Nunez*, 2023 WL 1470502, at *1.

### 3. Legal Issues Relating to Conviction and Sentencing

Sanchez next raises two legal issues relating to his conviction and sentencing, both of which he claims constitute extraordinary and compelling circumstances. Sanchez alleges that (1) he was entitled to acquittal on Count 2 because the jury's verdict was "fatally inconsistent"; and (2) the BOP failed to properly credit him 40 months of "Jail Credit Time." These factors do not constitute extraordinary and compelling circumstances because they are inappropriate considerations for compassionate release.

A motion for compassionate release is not the proper vehicle for raising what amounts to legal challenges to the validity of a defendant's conviction. *United States v. Jacques*, No. 20-3276,

2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022). "Facts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022). Given the procedural limitations of § 2255 petitions, "[a] defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582." *Id.* at 65; *see also United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) ("We therefore hold that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153 [containing 28 U.S.C. §§ 2241, 2255]."). Thus, the instant compassionate release motion does not afford Sanchez the opportunity to raise these issues.

Construing Sanchez's legal challenges properly would not justify relief. Sanchez's argument regarding his jail time credit pertains to the execution of his sentence, and thus must be brought under 28 U.S.C. § 2241. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). The Court "lacks jurisdiction to entertain a section 2241 petition, which must be brought in the district of confinement." *United States v. Fusco*, No. 09 Cr. 1239, 2023 WL 3380199, at *7 (S.D.N.Y. May 11, 2023). The Court thus cannot address the argument regarding the execution of Sanchez's sentence.

As to Sanchez's claim that the jury's verdict was inconsistent, this argument concerns the imposition of his sentence and must be brought pursuant to 28 U.S.C. § 2255. See *Pointdexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003). The Court has already denied Sanchez relief under § 2255, rendering this petition second and successive. *See Sanchez v. United States ("Sanchez I")*, No. 01 Cr. 74-2 (PAC), 2018 WL 4308540, at *4 (S.D.N.Y. Sept. 10, 2018); *see also Sanchez v. United States ("Sanchez III")*, No. 01 Cr. 74-2 (PAC), 2021 WL 120963, at *3 (S.D.N.Y. Jan. 13, 2021) (denying a motion construed as a § 2255 petition as second and successive). A submission

is a second or successive § 2255 motion when a previous § 2255 motion "raising claims regarding the same conviction or sentence, has been decided on the merits." *Corrao v. United States,* 152 F.3d 188, 191 (2d Cir. 1998).

A second or successive § 2255 motion must comply with 28 U.S.C. § 2255(h), which requires that the successive motion be certified by a panel of the appropriate court of appeals. Generally, the Court would be obligated to transfer the letter to the Second Circuit for certification. *See Liriano v. United States,* 95 F.3d 119, 123 (2d Cir. 1996). But the Court need not do so here because "transfer is unnecessary where the second or successive habeas corpus application is wholly without merit." *Castellano v. United States,* 967 F. Supp. 2d 768, 770 (S.D.N.Y. 2013). Sanchez has not raised any "newly discovered evidence" or "new rule of constitutional law." *See United States v. Guang Ju Lin,* No. 09 Cr. 746, 2020 WL 3819347, at *2 (S.D.N.Y. July 8, 2020) (quoting 28 U.S.C. § 2255(h)). Further, his claim would be time-barred under 28 U.S.C. § 2255(f) because it has been more than a year since "the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(f); *see Sanchez III,* 2021 WL 120963, at *3.

For these reasons, Sanchez's legal challenges to his conviction and sentencing do not constitute extraordinary and compelling circumstances warranting a sentence reduction.

### 4.    Sanchez's Repeated Arguments

As in his prior motion for compassionate release, Sanchez again claims that he is the only available caretaker for his parents and that this is an extraordinary and compelling circumstance warranting his release. The Court rejects this argument for the same reasons it rejected this argument previously: Sanchez has failed to prove that he is the only available caretaker for his ailing relatives. *See Sanchez V,* 2022 WL 4398694, at *3.

For reconsideration, Sanchez has produced letters from his brother and son stating that they cannot care for Sanchez's parents due to their other commitments. Def.'s Mot., Ex. N. These

commitments, however, are inadequate. "While the external commitments of Sanchez's family members might make caretaking difficult, that is 'merely the inevitable circumstances families face when a family member is incarcerated,' not an extraordinary and compelling reason to reduce a sentence." *Sanchez V*, 2022 WL 4398694, at *3 (quoting *United States v. John*, No. 15 Cr. 208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020)).

Finally, because the Court has rejected the other bases on which Sanchez relies to establish extraordinary and compelling circumstances, evidence of Sanchez's community service and rehabilitation remain as the only factor supporting a sentence reduction. The Court once again recognizes Sanchez's efforts to improve but reiterates that rehabilitation alone may not serve as an extraordinary and compelling circumstance. *See Brooker*, 976 F.3d at 238 (citing to 28 U.S.C. § 994(t)). Therefore, Sanchez's rehabilitation does not justify reconsideration.

B.   *Section 3553(a) Factors*

Even if the Court did find that Sanchez met his burden of demonstrating the existence of extraordinary and compelling circumstances warranting a sentencing reduction, the Section 3553(a) factors still weigh in favor of Sanchez's original sentence and thus serve as an independent basis for denying Sanchez's petition. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). In evaluating the Section 3553(a) factors, the Court must examine the history and characteristics of the defendant, the nature and circumstances of the offense, and look to promote respect for the law while providing just punishment and deterring criminal conduct. *See Sanchez V*, 2022 WL 4298694, at *4 (citing 18 U.S.C § 3553(a)).

Here, Sanchez's criminal record is lengthy, and his offense serious and egregious. Sanchez was "particularly culpable for his participation in the violent and wide-ranging drug dealing gang known as the Hughes boys, and for committing murder on behalf of the organization." *Id.* at *4

11

(quotations omitted).   Furthermore, Sanchez has served 65% of his sentence.   Granting a sentence reduction now would disserve the aims of deterrence articulated in section 3553(a) which were critical to Sanchez's sentence.   *See United States v. Tisdale*, No. 15 Cr. 334, 2020 WL 5441584, at *3 (S.D.N.Y. Sept. 9, 2020).   Sanchez has demonstrated behavioral improvements, and indeed has a lowered risk of violence.   *See* Def.'s Mot., Ex. M.   Yet this is still insufficient to persuade the Court that Sanchez no longer poses a danger to the public.   This Court continues to find that "despite his behavioral improvement . . . Sanchez's sentence continues to be sufficient, but no greater than necessary, to meet the mandate under Section 3553(a), especially when addressing the seriousness of Sanchez's crime and adequate deterrence."   *See Sanchez V*, 2022 WL 4298694 at *4.   He is therefore not entitled to relief.

## **CONCLUSION**

In light of the foregoing, Sanchez's motion for reconsideration is **DENIED** without prejudice to its renewal should Sanchez's health, family circumstances, or conditions of incarceration materially worsen with the passage of time.   The Clerk of the Court is directed to terminate the motions at ECF Nos. 474, 477.   As Sanchez has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.   *See* 28 U.S.C. § 2253.

Dated:   New York, New York           SO ORDERED
       October  27, 2023

                                       PAUL A. CROTTY
                                       United States District Judge