USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

               - against -

EDGAR MARINO SANCHEZ,
                   Defendant.

**01-CR-074 (VM)**

**Decision and Order**

---

**VICTOR MARRERO, United States District Judge.**

Before the Court is the *pro se* motion of defendant Edgar Marino Sanchez ("Sanchez") for a sentence reduction under 18 U.S.C. § 3582(c)(2) ("Section 3582"). (See "Section 3582 Motion," Dkt. No. 486.[1]) Sanchez's Section 3582 Motion is based on Amendment 821 to the United States Sentencing Guidelines ("Guidelines"), which took effect on November 1, 2023, and applies retroactively. In connection with his Section 3582 Motion, Sanchez also moves for the appointment of counsel under 18 U.S.C. § 3006A ("Section 3006A"). (See "Motion for Counsel," Dkt. No 487.[2])

The United States Probation Office ("Probation") issued a supplemental presence report indicating that Sanchez is not eligible for a sentence reduction. ("Supplemental PSR," Dkt. No. 490.[3]) The Government filed an opposition to

---

[1] Sanchez filed an identical Section 3582 Motion at Dkt. No. 489.
[2] Sanchez filed an identical Motion for Counsel at Dkt. No. 488.
[3] The Presentence Investigation Report ("PSR") prepared on September 15, 2003, and revised on January 23, 2004, in connection with Sanchez's

Sanchez's Section 3582 Motion. ("Opposition," Dkt. No. 492.) Sanchez replied to the Government's Opposition. ("Reply," Dkt. No. 493.) Sanchez also requested that the Court order Probation to send the Bureau of Prisons ("BOP") the Supplemental PSR clarifying Sanchez's criminal history points and criminal history category under Amendment 821. (See Dkt. No. 495.)

After considering the record in this case and Sanchez's submissions, the Court agrees that Sanchez is precluded from receiving a sentence reduction under Section 3582, although Sanchez is eligible for a one-point reduction in his criminal history points calculation. The Court also denies Sanchez's Motion for Counsel and clarifies that the BOP will have access to the Supplemental PSR.

## I.    BACKGROUND

On July 7, 2003, Sanchez was found guilty by a jury verdict of three offenses: conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (Count One); intentional murder while engaged in a major narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A) (Count Two); and murder in the course of using and carrying a firearm in violation of 18 U.S.C. § 924(c) and (j) (Count Seventeen). (See Dkt.

---

sentencing on June 15, 2004, is appended to the Supplemental PSR and begins on page five herein.

Jury Verdict Entry for July 7, 2003; "Judgment," Dkt. No. 226.) Counts One and Two each carried a mandatory minimum sentence of imprisonment of twenty years to life. (See PSR ¶¶ 159-60.) Count Seventeen carried a mandatory minimum sentence of twenty-five years' imprisonment to run consecutively to any other sentence imposed. (See PSR ¶¶ 18, 162.)

On June 15, 2004, Sanchez was sentenced by District Judge Shira Scheindlin to a term of imprisonment of three hundred-and sixty-months, to run concurrently on Counts One and Two, plus a consecutive term of imprisonment of ten years on Count Seventeen, to be followed by a ten-year period of supervised release. (See Dkt. Minute Entry for June 15, 2004; Judgment.)

## II.  Section 3582 Motion

### A.    LEGAL STANDARD

When presented with a motion to reduce a sentence pursuant to Section 3582, the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010) ("[Section] 3582(c)(2) requires the court to follow the Commission's instructions . . . to

determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.").

If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in Guidelines Section 1B1.10. United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (citing 18 U.S.C. § 3582(c)(2); alterations and quotation marks omitted).

Amendment 821, which applies retroactively, contains two provisions authorizing potential relief. First, Part A struck Guidelines Section 4A1.1(d) that added two criminal history points, commonly referred to as "status points," for defendants who committed their offense while subject to a criminal justice sentence. See U.S.S.G. § 4A1.1(e); United States v. Ewing, 14 CR 604 (VB), 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024). The Amendment now decreases status points by one point for defendants with seven or more criminal history points and eliminates them altogether for defendants with criminal history points of six or fewer. See U.S.S.G. § 4A1.1(e).

Second, Part B, Subpart 1, created a new provision, Section 4C1.1, which authorizes a two-level downward

adjustment in offense level for certain offenders who present zero criminal history points – i.e. first-time offenders - and who are not subject to any of the exclusionary criteria listed in Section 4C1.1(a). See U.S.S.G. § 4C1.1; Ewing, 2024 WL 1250685, at *1.

"[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) [if] . . . [Amendment 821] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of . . . a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10, Application Note(1)(A).

B.    AMENDMENT 821 DISCUSSION

Sanchez argues that he is eligible for a sentence reduction under Part A because he received an enhancement of two status points for being under escape status at the time he committed the instant offense.[4] (See Section 3582 Motion, at 2.) At sentencing, Sanchez had thirteen criminal history points: eleven points for prior convictions, and two points pursuant to the now-stricken Section 4A1.1(d) enhancement provision because Sanchez was on escape status. (See PSR ¶¶ 108-17, 122-23.) Under Part A, Sanchez is now eligible for

---

[4] Sanchez was on escape status because he was released on a furlough from the Arthur Kill Correctional Facility on October 12, 2000, and he absconded from the facility on October 19, 2000. (See PSR ¶ 120.)

a one-point reduction. See U.S.S.G. § 1B1.10, Application Note(1)(A); id. § 4A1.1(e). (See Supplemental PSR, at 2-3.) However, Sanchez is not eligible for the full two-point reduction because he has seven or more criminal history points. U.S.S.G. § 4A1.1(e). (See Supplemental PSR, at 3.) Hence, Sanchez's total criminal history points is reduced from thirteen to twelve and his Criminal History Category is accordingly reduced from Category VI to Category V. (See id.) Sanchez's Guidelines range remains a term of imprisonment of 360 months to life. See Guidelines Sentencing Table. However, even with the one-point reduction, Sanchez is not eligible for a reduced sentence under Section 3582 because Sanchez was sentenced pursuant to the statutory minimum. See U.S.S.G. § 1B1.10, Application Note(1)(A). (See Supplemental PSR, at 2.)

Sanchez also argues that he is eligible for a sentence reduction under Part B because if Probation had correctly calculated his criminal history points for prior convictions, Sanchez would have one criminal history point instead of eleven. (See Section 3582 Motion, at 4-6.) Even if Sanchez's interpretation of the Amendment were correct, he would still be ineligible for relief under Part B because he would not be a zero-point offender and, regardless of points, he "use[d] violence . . . in connection with the offense," the offense

6

"result[ed] in death," and he "possess[ed] . . . a firearm . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(3)-(4), (7). (See Supplemental PSR, at 3.)

Moreover, Sanchez's argument that Probation incorrectly calculated his criminal history points prior to sentencing is a challenge to the validity of his underlying sentence and may not be raised in the context of a Section 3582 motion. See United States v. Amato, 48 F.4th 61, 65 (2d Cir. 2022) (listing cases). Such a challenge must be raised in a motion pursuant to 28 U.S.C. § 2255, which is "a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." Jones v. Hendrix, 599 U.S. 465, 473 (2023). "A defendant cannot evade this collateral review structure by attacking the validity of his conviction through [Section] 3582." Amato, 48 F.4th at 65.

Accordingly, for the reasons above, Sanchez's Section 3582 Motion is **DENIED.**

### III. **MOTION FOR THE APPOINTMENT OF COUNSEL**

Sanchez moves for appointment of counsel pursuant to 18 U.S.C. § 3006A, which provides that a defendant "for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). (See Dkt. No. 487.)

"[A] defendant does not have a right to counsel under the Sixth Amendment in a § 3582(c)(2) proceeding because that right 'extends only through the defendant's first appeal.'" United States v. Myers, 524 F. App'x 758, 759 (2d Cir. 2013) (quoting United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995)). Furthermore, "the reference to ancillary matters in § 3006A does not require the [appointment of] counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines." Reddick, 53 F.3d at 465. Whether to appoint counsel for such motions "rest[s] in the discretion of the district court." Id. Finally, "the merits of a [Section] 3582(c)(2) motion will be a 'significant factor in the exercise of the district court's discretion' in determining whether to appoint counsel." Myers, 524 F. App'x at 759 (alteration and quotation omitted).

As explained above in Section II.B, Sanchez is clearly precluded from a sentence reduction under Section 3582. Hence, because the appointment of counsel will not affect the outcome of Sanchez's Section 3582 Motion, Sanchez's Motion for Counsel is **DENIED**.

## IV.    REQUEST TO SEND SUPPLEMENTAL PSR TO BOP

Sanchez has also requested that the Court order the Probation Office to send the Supplemental PSR to the BOP clarifying that Sanchez's criminal-history-points

calculation has been retroactively reduced from Criminal History Category VI to Category V. (See Dkt. No. 495.) Sanchez claims that a reduction in his criminal history category will make him eligible for a lower security facility. (See id.) Per this Court's communications with Probation, the BOP will have access to this Order and the Supplemental PSR through the Capture System.

## V.    ORDER

Accordingly, it is hereby

**ORDERED** that the Motion of defendant Edgar Marino Sanchez("Sanchez") for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines (Dkt. No. 486) is **DENIED** as the Court finds that Sanchez is ineligible to be granted such relief. It is further

**ORDERED** that Sanchez's motion for the appointment of counsel under 18 U.S.C. § 3006A (Dkt. No. 487) is **DENIED.**

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 486-89 and 495. The Clerk of Court is also respectfully directed to mail a copy of this Order to Edgar Marino Sanchez, Register Number 11708-265, FCI Fairton, P.O. Box 420, Fairton, NJ 08320, and note service on the docket.

**SO ORDERED.**


Dated:      March 17, 2025
            New York, New York

_____
                Victor Marrero
                   U.S.D.J.

10