USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

   - against -

EDGAR MARINO SANCHEZ,

     Defendant.

---

**01-CR-074 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

  Before the Court is the *pro se* motion of defendant Edgar Marino Sanchez ("Sanchez") for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (See "Motion" or "Mot.," Dkt. No. 499.) In connection with his Section 3582 motion, Sanchez also moves for appointment of counsel under 18 U.S.C. § 3006A. (See Mot.) After considering the record in this case and Sanchez's submission, the Court denies Sanchez's Motion.

      **I. BACKGROUND**

  On July 7, 2003, a jury convicted Sanchez of three offenses: conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; intentional murder while engaged in a major narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A); and murder in the course of using and carrying a firearm in violation of 18 U.S.C. § 924(c) and (j). (See Dkt. Jury Verdict Entry for July 7, 2003; "Judgment," Dkt. No. 226.)

On June 15, 2004, Sanchez was sentenced by District Judge Shira Scheindlin to a term of imprisonment of three hundred and sixty months and a mandatory consecutive ten-year term.[1] (See Dkt. Minute Entry for June 15, 2004; Judgment.) Since his incarceration, Sanchez has pursued a series of collateral challenges to his conviction and sentence, all of which have been denied. See Sanchez v. United States, No. 01 Cr. 74, 2021 WL 5234978, at *1 (S.D.N.Y. Nov. 10, 2021). This Court denied Sanchez's original motion for compassionate release on September 19, 2022. (See Dkt. No. 472.) This Court also denied Sanchez's motion for a sentence reduction under Section 3582(c)(2) on March 17, 2025. (See Dkt. No. 496.) Sanchez is currently incarcerated at FCI Butner and is expected to be released on June 23, 2035. See Inmate Locator Service, BOP Registration No. 11708-265, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/.

## II.  DISCUSSION

Under Section 3582, a defendant may petition a district court for compassionate release after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] This matter was reassigned to this Court following Judge Scheindlin's retirement in 2016.

2

warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). In addition to exhausting the available administrative remedies, a defendant seeking compassionate release pursuant to Section 3582(c)(1)(A)(i) must show that "extraordinary and compelling reasons warrant" a sentence reduction and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i); see generally United States v. Kimbell, No. 21-288, 2021 WL 5441249, at *1 (2d Cir. Nov. 22, 2021) (summary order). Following the United States Sentencing Commission's November 2023 amendment of the policy statement contained at U.S.S.G. § 1B1.13, that policy statement now controls as to what constitutes extraordinary and compelling reasons for purposes of motions for compassionate release. See, e.g., United States v. Lopez, No. 16 Cr. 317, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

A.  EXHAUSTION

A defendant may seek compassionate release only after either (1) he has fully exhausted administrative appeals within the Bureau of Prisons ("BOP") regarding his request that BOP file a motion for compassionate release, or (2) thirty days have passed since the warden of the facility at which the defendant is incarcerated received such a request. See 18 U.S.C. § 3582(c)(1)(A); United States v. Ayers, No. 21

Cr. 440, 2025 WL 2925096, at *2 (S.D.N.Y. Oct. 15, 2025). Sanchez has not demonstrated his compliance with either method of exhaustion.

Under BOP regulations, to exhaust the administrative appeals process, an inmate must: "(1) raise the issue informally with staff via a BP-8; (2) file a BP-9 to the warden; (3) if denied or if the warden fails to respond after 20 days, appeal to the Regional Director using a BP-10; and (4) if still denied, file a final appeal to the BOP's Central Office via a BP-11." Ayers, 2025 WL 2925096, at *2; see 28 C.F.R. §§ 542.13-.15, 571.63. Sanchez's Motion includes a copy of his BP-8 and his appeal to the warden of FCI Butner. (See Ex. A, Mot.) But the final correspondence attached to his motion is a rejection of Sanchez's request by FCI Butner's administrative remedy coordinator. (See id.) Because Sanchez did not then complete the final two steps of the administrative appeals process, he has failed to exhaust his request for compassionate release via that method. Additionally, the copy of his request to the warden of FCI Butner attached to the Motion is dated as received on July 7, 2025. (See Ex. A, Mot.) Sanchez filed the current Motion nine days later, on July 16, 2025. (See Mot.) Sanchez has therefore not demonstrated exhaustion via the thirty-day-lapse

4

provision either. Accordingly, Sanchez's motion must be denied for failure to exhaust administrative remedies.

B.   EXTRAORDINARY AND COMPELLING REASONS

Even if Sanchez had properly exhausted the administrative remedies, he has not demonstrated any "extraordinary and compelling reasons" supporting compassionate release. Sanchez offers two bases for his request for compassionate release: (1) unusually long sentence and (2) rehabilitation. (See Mot.)

An "unusually long sentence" alone is not a sufficiently extraordinary and compelling reason but may support compassionate release where a change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Sanchez identifies no change in law supporting his release. This Court previously rejected his motion for a reduction in sentence based on amendments to the Sentencing Guidelines. (See Dkt. No. 496.) Sanchez does not challenge that determination or cite any other change in law supporting compassionate release. Additionally, rehabilitation alone cannot suffice as an extraordinary and compelling reason in support of compassionate release. See 28 U.S.C. § 944(t); U.S.S.G. § 1B1.13(d).

C.   APPOINTMENT OF COUNSEL

In criminal matters, "the right to appointed counsel 'extends to the first appeal of right, and no further.'" Starkes v. United States, No. 20 Civ. 0265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Because it is "readily apparent" that Sanchez's motion for compassionate release is without merit, his motion for appointment of counsel under 18 U.S.C. § 3006A will also be denied. Schlussel v. United States, No. 08 Cr. 694, 2014 WL 1875928, at *3 (S.D.N.Y. May 9, 2014).

## III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Motion of defendant Edgar Marino Sanchez ("Sanchez") for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 499) is **DENIED,** as the Court finds that Sanchez has not exhausted the available administrative remedies or demonstrated his entitlement to such relief. It is further

**ORDERED** that Sanchez's Motion for appointment of counsel under 18 U.S.C. § 3006A (Dkt. No. 499) is **DENIED.**

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 499. The Clerk of Court is also respectfully directed to mail a copy of this Order to Edgar

Marino Sanchez, Registration Number 11708-265, FCI Butner Medium #1, P.O. Box 1000, Butner, NJ 27509, and note service on the docket.

**SO ORDERED.**

Dated:    28 October 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.