USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/12/25_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

             - against -

EDGAR MARINO SANCHEZ,

             Defendant.

---

**01-CR-074 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Before the Court is the *pro se* motion of defendant Edgar Marino Sanchez ("Sanchez") for clarification of two issues related to his sentence. (See "Motion" or "Mot.," Dkt. No. 498.) In connection with his Motion, Sanchez also requests appointment of counsel under 18 U.S.C. § 3006A. (See Mot. at 3.) After considering the record in this case and Sanchez's submission, the Court denies Sanchez's Motion.

## I.    BACKGROUND

On July 7, 2003, a jury convicted Sanchez of three offenses: conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; intentional murder while engaged in a major narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A); and murder in the course of using and carrying a firearm in violation of 18 U.S.C. § 924(c) and (j). (See Dkt. Jury Verdict Entry for July 7, 2003; "Judgment," Dkt. No. 226.)

1

On June 15, 2004, Sanchez was sentenced by District Judge Shira Scheindlin to a term of imprisonment of three hundred and sixty months and a mandatory consecutive ten-year term.[1] (See Dkt. Minute Entry for June 15, 2004; Judgment.) Since his incarceration, Sanchez has pursued a series of collateral challenges to his conviction and sentence, all of which have been denied. See Sanchez v. United States, No. 01 Cr. 74, 2021 WL 5234978, at *1 (S.D.N.Y. Nov. 10, 2021). Sanchez's first motion for compassionate release was denied on September 19, 2022. (See Dkt. No. 472.) This Court denied Sanchez's motion for a sentence reduction under Section 3582(c)(2) on March 17, 2025. (See Dkt. No. 496.) On October 28, 2025, this Court denied Sanchez's second motion for compassionate release. (See Dkt. No. 500.) Sanchez is currently incarcerated at FCI Butner and is expected to be released on June 23, 2035. See Inmate Locator Service, BOP Registration No. 11708-265, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/.

The current Motion seeks "clarification" related to two undischarged State of New York sentences for drug possession: (1) a 1996 sentence of four years to life and (2) a 1999

---

[1] Judge Scheindlin retired in 2016. This case was reassigned to this Court in 2024.

sentence of two-and-a-half to five years.[2] (See Mot. at 1.) Sanchez asks the Court to clarify (1) "whether the sentencing Court's intent was to run those two undischarged sentences concurrent to or consecutive to [his] federal sentence" and (2) "whether those two state cases are relevant conduct [to his federal sentence] as they occurred during the time frame of the federal drug conspiracy" for which Sanchez was sentenced. (Id.)

## II.  DISCUSSION

As an initial matter, the Court notes that Sanchez's request was submitted in the form of a *pro se* filing styled as a "motion for clarification" without reference to the statutory basis for his motion. (Mot. at 1.) Courts in this Circuit that have received similar requests from prisoners have considered them to be motions under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255 ("Section 2255"). See Lee v. United States, No. 10-CV-1447, 2010 WL 2737174, at *1 (E.D.N.Y. July 9, 2010) (collecting cases); United States v. Benitez, No. 98-CR-874, 2009 WL 4857491, at *2 (S.D.N.Y. Dec. 11, 2009). As the motion was filed *pro se*, the Court will liberally construe it as an application for relief under Section 2255.

---

[2] The sentences remain undischarged as Sanchez was arrested for the federal offense after absconding while on furlough from a New York State correctional facility. (See "Supplemental PSR," Dkt. No. 490 at 30-31.)

Regardless, the difference is "largely academic," as the Court is limited in the relief it can provide regardless of the form of the motion. Benitez, 2009 WL 4857491, at *2 n.1.

To the extent Sanchez requests that the Court order the Bureau of Prisons ("BOP") to treat his federal and state sentences as running concurrently, this Court lacks the authority to do so. See id. The authority to determine whether Sanchez's federal sentence will be served concurrently with, or consecutive to, his state sentences rests with the BOP. See Akinlade v. United States, 213 F.3d 625 (2d Cir. 2000). This Court is "limited to issuing a recommendation to the Bureau of Prisons rather than granting the motion and providing direct relief." Benitez, 2009 WL 4857491, at *2 n.1.

For its part, the BOP's Program Statement provides that it will designate a state facility for concurrent service of a federal sentence "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement 5160.05(8). This Court was not the sentencing court in this matter but was assigned Sanchez's case after sentencing. A review of the record at sentencing leads to the conclusion that it was not the sentencing court's intent for Sanchez's state and federal sentences to run concurrently.

The two state sentences had been imposed at the time of Sanchez's sentencing in this matter. (See Supplemental PSR at 30.) The sentences, as well as the fact that they were undischarged as a result of Sanchez's having absconded while on furlough, were included in the Presentence Investigation Report reviewed by Judge Scheindlin. (See id. at 30-31.) Nevertheless, Judge Scheindlin did not state at sentencing whether the Court's intent was for Sanchez's federal sentence to run concurrently with, or consecutive to, his state court sentences. (See "Sentencing Transcript," Dkt. No. 465-5.) "Where multiple terms of imprisonment are imposed at different times and the court is silent as to whether those sentences are to run concurrent or consecutive, the default is that they run consecutive." Lee v. United States, 10-CV-1447, 2010 WL 2737174, at *2 (S.D.N.Y. July 9, 2010); see 18 U.S.C. § 3584(a). Nothing in the sentencing record supports a finding that it was the sentencing court's intent to displace this default rule.

Sanchez also requests clarification as to whether the two state sentences at issue were considered "relevant conduct" to his federal sentence. (Mot. at 1.) The sentencing record indicates that they were not considered relevant conduct. The sentences were not discussed at sentencing as relevant conduct. (See Sentencing Transcript.) Additionally,

both sentences were included in the computation of Sanchez's criminal history category in the Presentence Investigation Report. (See Supplemental PSR at 30-31.) The Sentencing Guidelines in effect when Sanchez was sentenced provided that prior sentences were not to be included in the criminal history computation when the conduct underlying those sentences was considered as relevant conduct to the instant offense. See U.S.S.G. § 4A1.2 cmt. 1 (2003). There is no indication that this provision of the Guidelines was not followed in the determination of Sanchez's sentence, which occurred at a time when the Sentencing Guidelines were considered mandatory.

Lastly, Sanchez requests appointment of counsel under 18 U.S.C. § 3006(a). In criminal matters, "the right to appointed counsel 'extends to the first appeal of right, and no further.'" Starkes v. United States, No. 20 Civ. 0265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Because it is "readily apparent" that Sanchez's motion is without merit, his motion for appointment of counsel under 18 U.S.C. § 3006A will also be denied. Schlussel v. United States, No. 08 Cr. 694, 2014 WL 1875928, at *3 (S.D.N.Y. May 9, 2014).

### III. <u>ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that the Motion of defendant Edgar Marino Sanchez ("Sanchez") for clarification (Dkt. No. 498) is **DENIED**. It is further

**ORDERED** that Sanchez's Motion for appointment of counsel under 18 U.S.C. § 3006A (Dkt. No. 498) is **DENIED**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 498. The Clerk of Court is also respectfully directed to mail a copy of this Order to Edgar Marino Sanchez, Registration Number 11708-265, FCI Butner Medium #1, P.O. Box 1000, Butner, NJ 27509, and note service on the docket.

**SO ORDERED.**

Dated:    12 December 2025
          New York, New York

_____
Victor Marrero
U.S.D.J.

7